IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00233-RJC-DCK

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| TIMOTHY SCOTT OLSON | ) |
| | ) |

**THIS MATTER** is before the Court on the Defendant's Motion to Withdraw Guilty Plea, (Doc. No. 44), and the government's response, (Doc. No. 45).

I. PROCEDURAL HISTORY

The defendant was indicted on two counts of child pornography on July 17, 2018. (Doc. No. 1). In Count One, the grand jury charged the defendant with transporting and shipping child pornography. (Id. at 1). Count Two alleged possessing child pornography that involved a prepubescent minor or a minor under 12 years of age. (Id. at 1). On July 24, 2018, United States Magistrate Judge David S. Cayer conducted an initial appearance, arraignment, and detention hearing.

On September 24, 2018, this Court allowed retained defense counsel C. Melissa Owen to withdraw and ordered the appointment of new counsel. John Parke Davis was appointed to represent the defendant on September 26, 2018. On March 29, 2019, the defendant entered a guilty plea before Magistrate Judge David S. Cayer. During the hearing under Rule 11 of the Federal Rules of Criminal Procedure, the defendant took an oath to respond truthfully to the magistrate

judge's questions. (Doc. No. 40: Tr. at 2). The defendant responded affirmatively that his mind was clear and that he was there to enter a plea that could not be withdrawn later. (Id. at 3). He affirmed that the understood the charges and their maximum penalties and that he had discussed the information with his attorney. (Id. at 4). The defendant responded affirmatively that he understood that he had a right to plead not guilty, to have a speedy trial before a judge and jury, to summon witnesses to testify on his behalf, and to confront the witnesses against him. (Id. at 5–6). The defendant responded affirmatively that he was guilty of both counts. (Id. at 6). The defendant affirmed that no other promises of leniency or a light sentence had been made to induce his guilty plea. (Id. at 7). The defendant responded affirmatively that he had enough time to discuss any possible defenses he might have with his attorney and was satisfied with the services of his attorney. (Id.). These verbal answers were also memorialized in a document signed by the defendant, in which he certified and affirmed that these answers were true and correct to the best of his knowledge. (Doc. No. 21: Entry and Acceptance of Guilty Plea). Accordingly, the magistrate judge accepted the defendant's plea upon finding that the plea was entered knowingly and voluntarily, with understanding of the charges, potential penalties, and consequences of the plea. (Id.). The defendant was given 14 days in which to file any objections to the finding and recommendation. The defendant did not file any such objection.

On December 17, 2019, the defendant's case was set for a sentencing hearing on January 14, 2020. On January 7, 2020, the defendant wrote a letter to the Court

2

Case 3:18-cr-00233-RJC-DCK   Document 46   Filed 07/06/20   Page 2 of 9

asking to withdraw his plea of guilty and have new counsel appointed. (Doc. No. 33). The defendant claimed that he "felt forced to plea under duress" and that his attorney John Parke Davis was ineffective. (Id.). The defendant added that he had informed his attorney's assistant "several weeks ago" that he wanted to withdraw his guilty plea. (Id.). The same day, appointed counsel filed a motion to withdraw from further representation. (Doc. No. 34). On January 8, 2020, this Court dismissed the defendant's pro se motion to withdraw his plea of guilty without prejudice. (Doc. No. 36). Magistrate Judge David Keesler granted counsel's motion to withdraw and ordered the appointment of the defendant's third lawyer. (Doc. No. 35). Frederick Winiker, III, current counsel of record, was appointed to represent the defendant on January 9, 2020. New counsel filed the instant Motion to Withdraw Guilty Plea on May 20, 2020, (Doc. No. 44), which is ripe for adjudication.

## II. LEGAL DISCUSSION

In his motion, the defendant acknowledges his burden to show a "fair and just reason" for withdrawal, pursuant to Fed. R. Crim. P. 11(d)(2)(B). (Id. at 2). The defendant asserts his legal innocence. (Id. at 3). He claims that he conflicted with his former counsel on what defense to present, and consequently he was "coerced into pleading guilty." (Id. at 4). The defendant also asserts this disagreement caused the delay in filing a motion to withdraw. (Id. at 4–5).

A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing, but rather bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 11(d)(2)(B); United

3

States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Courts typically consider a variety of factors in determining whether a defendant has met his burden, including: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources. Moore, 931 F.2d at 248.

It is well-settled that magistrate judges may conduct Rule 11 proceedings and accept guilty pleas with a defendant's consent. United States v. Osborne, 345 F.3d 281, 285 (4th Cir. 2003); United States v. Graham, 48 Fed. Appx. 458, 459 (4th Cir. 2002) (unpublished opinion). "[A]n appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding." United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996). Statements made by a defendant during the course of such a proceeding may not ordinarily be repudiated. Id. at 1308. In fact, a strong presumption of veracity attaches to a defendant's declarations made in open court. United States v. Morrow, 914 F.2d 608, 614 (4th Cir. 1990).

Here, the defendant's argument rests on the first two Moore factors, and he argues that the third factor should not weigh against him. (Doc. 44 at 3-6). The defendant does not explicitly claim that his guilty plea was involuntary, but does state that he was "coerced into pleading guilty" due to disagreement with his

4

Case 3:18-cr-00233-RJC-DCK    Document 46    Filed 07/06/20    Page 4 of 9

attorney. (Doc. No. 44 at 4). He proffers that he did not know that he could state his objections at the Rule 11 Hearing. (Id.). However, at the Rule 11 Hearing, the defendant said nothing to indicate any coercion or disagreement with counsel. In fact, he denied that anyone forced him to enter a guilty plea. (Doc. No. 40 at 7). He affirmed that he had sufficient time to discuss with his attorney any possible defenses he might have. (Id.). The defendant affirmed that he was satisfied with the services of his attorney. (Id.). When asked if there was anything that he would like to say at that time about his attorney's services, the defendant declined. (Id.).

Given the factual record in this case, the defendant's attempt to repudiate his statements under oath is unavailing. The defendant's claim about not knowing he could raise concerns about counsel is still less credible considering he successfully requested a new lawyer six months prior. Therefore, any claim that the plea was not knowing and voluntary because he was coerced due to disagreement with his attorney is not credible.

The defendant also asserts that he is legally innocent. (Doc. No. 44 at 5-6). In support of this claim, he proffers that other individuals had access to his computer during the period in question and that his statements to the HSI agent were misconstrued, that is, he admitted looking up videos about "child abuse," not "child pornography." (Id.). However, the recorded interview provided to the Court, with notice to counsel, by the government as Exhibit A refutes these claims. At 3:20 to 3:24 on the recording, the HSI agent makes clear that they are investigating child pornography. At 4:40 to 5:10, when asked why child pornography was traced to his

5

IP address, the defendant admitted that he downloaded some because he wanted to know what it was about. At 36:05 to 37:05, when asked by the investigator, the defendant agreed that he had sought out child pornography to download, obtain, and view it. At 7:50 to 8:20, he guessed that he had been downloading child pornography for several months, and later at 42:28 to 42:47, he guessed that he had seen maybe 100 videos. In light of this evidence, he cannot credibly claim that he is not responsible for material on his computer and that his statements were misconstrued.

His recorded statement is consistent with his testimony under oath that he was guilty of both counts in the indictment. (Doc. No. 40: Tr. at 6). Additionally, his objections to the presentence report, (Doc. No. 29), challenged the extent of his conduct, while affirming the accuracy of the factual basis filed with his guilty plea, (Doc. No. 20). Accordingly, the Court finds that his assertion of legal innocence is not credible.

Consideration of the other factors detailed in Moore shows the defendant has failed to establish a fair and just reason for withdrawal of his guilty plea. The third factor is whether there has been a delay between the entering of the plea and the filing of the motion. Moore, 931 F.2d at 248. In his pro se motion to withdraw, dated December 27, 2019, the defendant stated in that he had asked his counsel to withdraw his guilty plea "several weeks" prior. (Doc. No. 33). Even accepting this explanation, an unexplained delay of at least eight months remains. In Moore, the Fourth Circuit found a six-week delay to be too lengthy. 931 F.2d at 248. See also

6

United States v. Nicholson, 676 F.3d 376, 384 (4th Cir. 2012) (holding a two-month delay weighed against the defendant). The delay between the defendant's guilty plea and his motion to withdraw weighs against his request.

Whether defendant has had close assistance of competent counsel is another factor for the Court to consider. Moore, 931 F.2d at 248. To prevail on this factor, the defendant must show "(1) that his counsel's performance 'fell below an objective standard of reasonableness' and (2) that he was prejudiced in the sense that 'there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial.'" United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989) (quoting Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985)). At the defendant's Rule 11 hearing, he testified that he was satisfied with his then-appointed attorney. (Doc. No. 40 at 7). Although the defendant claimed an "irreparable conflict" with his attorney, he did not argue that he satisfied stringent requirements of the fourth Moore factor, nor would the record support such a finding. Therefore, this factor also weighs against the defendant's request to withdraw his plea.

The final factors to consider are whether withdrawal will cause prejudice to the government, and whether it will inconvenience the Court and waste judicial resources. Moore, 931 F.2d at 248. There is no direct proof of actual prejudice to the government, but the Court recognizes the potential prejudice to the government if the defendant were allowed to withdraw his plea and the case were set for trial after such a delay. See United States v. Sparks, 67 F.3d 1145, 1154 n.5 (4th Cir.

7

1996). Additionally, the court system has a strong interest in judicial economy. Wilson, 81 F.3d at 1306. Significant resources have already been expended on the defendant's case, including the appearance of three defense attorneys, two detention hearings, a Rule 11 hearing, and the preparation of a final presentence report. Thus, all the factors recognized by the Fourth Circuit in Moore weigh against the defendant's request to withdraw his plea.

The defendant argues that even if his arguments are insufficient to merit a withdrawal of his plea, they are sufficient to merit an evidentiary hearing. When a defendant seeks to withdraw a guilty plea, an evidentiary hearing is necessary only when the defendant presents a fair and just reason for withdrawal. See Moore, 931 F.2d at 248 ("[I]t is well settled that evidentiary hearings should be liberally granted prior to sentencing. Still, that hearing need only be granted when a fair and just reason for withdrawal of the [guilty] plea is presented.") (internal quotations and citations omitted). No such fair and just reason for withdrawal was presented here.

III. CONCLUSION

A proper Rule 11 hearing was conducted in this case, during which the defendant testified under oath that he understood the mandatory minimum and maximum penalty he faced, that no additional promises had been made to him, and that he was satisfied with his attorney. He testified under oath that he was guilty of both counts against him, consistent with his prior statements to investigators. Over eight months later, the defendant claimed he was forced to plead guilty and he

8

was legally innocent. Based on review of the record in this case, the Court finds that the defendant's claim is not credible. The Court further finds that the defendant has failed to establish a fair and just reason to justify an evidentiary hearing or a withdrawal of his guilty plea.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Withdraw Guilty Plea, (Doc. No. 44), is **DENIED**.

Signed: July 6, 2020

Robert J. Conrad, Jr.
United States District Judge